IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RUDY CORTEZ,<br><br>      Plaintiff,<br><br>  vs.<br><br>MATHEW L. CATE, et al.,<br><br>      Defendants. | No. C 09-03021 JW (PR)<br><br>ORDER SEVERING NON-COGNIZABLE CLAIMS FROM COMPLAINT; DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL PLEADING |

Plaintiff, a California inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, has filed a pro se civil rights action under 42 U.S.C. § 1983 against PBSP officials for allegedly unconstitutional acts. On February 19, 2010, the Court found the complaint stated four cognizable claims and dismissed the remaining claims. Plaintiff was directed to file an amended complaint to correct the deficiencies in some of his claims or, in the alternative, to file a notice to proceed solely on the cognizable claims and sever all other claims from the original complaint. Plaintiff filed notice on March 11, 2010, that he wishes to proceed solely on the four cognizable claims. (Docket No. 14.) However, before the Court can proceed with serving the complaint, plaintiff must identify which defendants must answer.

///

# DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In a lengthy complaint exceeding fifty pages with numerous attachments, Plaintiff details a history of alleged harassment from January 2004 up to and following his placement in the segregated housing unit ("SHU") as a validated prison gang associate on July 25, 2008. (Compl. at 5, 20.) In connection thereto, plaintiff raised twenty-two causes of action. The Court found the following four claims cognizable, and severs all other claims from the complaint.

1.  Right to Association

Claims 4, 7 and 8 state identical claims, alleging generally that plaintiff's "right to association" was violated by his placement in the SHU. (Compl. at 41, 42.) Although the Supreme Court has held that the First Amendment right to freedom of association is among the rights least compatible with incarceration, Overton v. Bazzetta, 539 U.S. 126, 131 (2003), it has not determined the scope of association rights that prisoners might retain, id. at 132. Liberally construed, the claim that plaintiff's right of

1  association was violated is cognizable. The Court will merge these claims into a single
2  claim.

### 2. First Amendment Retaliation

Claims 9 alleges that defendants retained plaintiff in the SHU as retaliation for plaintiff exercising his right to file prison grievances on behalf of himself and for other inmates as a "jailhouse lawyer." "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary and capricious" sufficient to allege retaliation). Liberally construed, claim 9 is cognizable.

### 3. Equal Protection

Claim 11 asserts the violation of plaintiff's First Amendment right to association coupled with the Equal Protection clause protection against racial discrimination, (Compl. at 43-44), as does claim 18, (id. at 47). Plaintiff alleges that defendants are enforcing rules which effectively forbid prison inmates from associating with member of their own racial group, *i.e.*, plaintiff cannot associate with other Southern Hispanics for fear of being identified as a gang associate. (Compl. at 44.) Liberally construed, claim 11 is cognizable as an equal protection claim. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Johnson v. California, 543 U.S. 499, 505-06 (2005). The Court will exercise supplemental jurisdiction of the related state claim, *i.e.*, claim 19, (Compl. at

47).

### 4. Due Process Claims

Clams 20, 21 and 22 allege violations of plaintiff's right to due process involving a protected liberty interest, *i.e.*, a severe change in conditions of confinement. Specifically, plaintiff alleges that he was deprived of procedural due process and that evidence used to validate him as a gang associate does not constitute "some evidence." (Compl. at 49-50.)

Liberally construed, plaintiff's due process claim implicates the procedures under Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), which prison officials must follow: (1) they must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, (2) the prisoner must be informed of the charges against him or the reasons segregation is being considered, and (3) the prisoner must be allowed to present his views. See Toussaint, 801 F.2d at 1100. Plaintiff's claim that the evidence used against him was erroneous and unreliable is also cognizable, when liberally construed. See Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). Plaintiff's state due process claim, *i.e.*, claim 22, is subsumed under the federal due process claim.

In summary, the following claims are cognizable: 1) defendants violated plaintiff's first amendment right to association; 2) defendants placed plaintiff in the SHU in retaliation for exercising his First Amendment right to file grievances; 3) defendants violated plaintiff's right to equal protection by discriminating against him on the basis of race; and 4) plaintiff's July 25, 2008 placement in the SHU violates due process.

### C. Named Defendants

Due to the length of the complaint, the Court is unable to ascertain which defendants should be summoned to answer for the four cognizable claims identified above and which defendants should be dismissed from this action. Accordingly, plaintiff is directed to file a supplemental pleading, identifying each defendant who is

1  individually liable for his actions under at least one of these four cognizable claims.
2  **Plaintiff is directed to cite directly to the factual allegation(s) as stated in the**
3  **original complaint against the specific defendant in support of his claim.**  Plaintiff
4  shall limit his pleading to identifying each defendant who is liable under each of the
5  four cognizable claims from the original complaint.  Plaintiff may not attempt to allege
6  any new claims in the supplemental pleading.  The Court will order summons of the
7  complaint upon the named defendants in plaintiff's supplemental pleading.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Within **thirty (30) days** of the date this order is filed, plaintiff shall file a supplemental pleading identifying the defendants in this action.  The supplemental pleading must include the caption and civil case number used in this order and the words "SUPPLEMENTAL COMPLAINT" on the first page and the case number for this action, Case No. C 09-03021 JW ( PR).  Plaintiff must follow the Court's specific instructions with regards to the supplemental pleading to avoid further delay in this action.

**Failure to file a supplemental complaint in the time provided will result in dismissal of this action without prejudice without further notice to plaintiff.**

2.   The Clerk of the Court shall include a copy of the original complaint (Docket No. 1), without the attachments, with a copy of this order to plaintiff to aid him in filing the supplemental pleading in accordance with the Court's instructions.

DATED:  May 11, 2010

JAMES WARE
United States District Judge

Order Severing Non-Cognizable Claims; Directing  P to File Suppl.
P:\PRO-SE\SJ.JW\CR.09\Cortez03021_inst-P.wpd                5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R. CORTEZ,

        Plaintiff,

  v.

MATTHEW L. CATE, et al.,

        Defendants.

Case Number: CV09-03021 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  5/13/2010 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gabriel Rudy Cortez J-76501
Pelican Bay State Prison
P. O. Box 7500
Crescent City, Ca 95532

Dated:  5/13/2010

                        Richard W. Wieking, Clerk
                      /s/ By: Elizabeth Garcia, Deputy Clerk