IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RUDY CORTEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MATHEW L. CATE, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 09-03021 JW (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

　　　　Plaintiff, a California inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, has filed a pro se civil rights action under 42 U.S.C. § 1983 against PBSP officials for allegedly unconstitutional acts. On February 19, 2010, the Court found the complaint stated four cognizable claims and dismissed the remaining claims. Plaintiff was directed to file an amended complaint to correct the deficiencies in some of his claims or, in the alternative, to file a notice to proceed solely on the cognizable claims and sever all other claims from the original complaint. Plaintiff filed notice on March 11, 2010, that he wishes to proceed solely on the four cognizable claims. (Docket No. 14.) By order of the Court, plaintiff filed a supplemental pleading identifying the defendants for each claim. (Docket No. 16.) The Court now orders summons of the complaint and supplemental pleading upon the named defendants therein.

Order of Service
P:\PRO-SE\SJ.JW\CR.09\Cortez03021_svc.wpd

# DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

As stated in the Court order filed May 13, 2010, (Docket No. 15), the following claims are cognizable: 1) defendants violated plaintiff's first amendment right to association; 2) defendants placed plaintiff in the SHU in retaliation for exercising his First Amendment right to file grievances; 3) defendants violated plaintiff's right to equal protection by discriminating against him on the basis of race; and 4) plaintiff's July 25, 2008 placement in the SHU violates due process.

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and supplemental pleading (Docket Nos. 10 & 16) in this matter, all attachments thereto, and a copy of the Court's May 13, 2010 order, (Docket No. 15), and a copy of this order

upon defendants **Mathew L. Cate, Everett W. Fisher, Douglas McClure,** and **R. S. Marquez** at the **Office of Correctional Safety Headquarters** (1515 S Street, Sacramento, Ca 94283-0001), and upon defendants **Richard J. Kirkland, Robert A. Horel, M. Castellaw, L. Polk, M. A. Cook, M. J. Nimrod, S. Wheeler, K. L. McGuyer, K. Brandon, Troy Wood, J. A. McKinney, David J. Barneburg, S. O. Dell, Dell Higgerson, J. R. McBride, Genna Brame Derrico, and T. K. Rosenkruns** at **Pelican Bay State Prison** (P.O. Box 7000, Crescent City, CA 95531-7000).

The clerk shall terminate defendants Francisco Jacquez, D. W. Bradbury, Robert Rice, C. E. Wilber, S. Walch, J. Hogan, McMillan. M. Thornton and M. A. Whittman from this action as requested by plaintiff. (Docket No. 16 at 13.)

2.  No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a.  If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **forty-five (45) days** from the date defendants' motion is filed.

      a.    In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.JW\CR.09\Cortez03021_svc.wpd      4

with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.    All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    8.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    9.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: August 26, 2010

JAMES WARE  
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R. CORTEZ,

        Plaintiff,

  v.

MATTHEW L. CATE, et al.,

        Defendants.

Case Number: CV09-03021 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   8/30/2010  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gabriel Rudy Cortez J-76501
Pelican Bay State Prison
P. O. Box 7500
Crescent City, Ca 95532

Dated:   8/30/2010

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk